[Sac. No. 913.　Department One.—October 17, 1903.]

## CHARLES DODGE, Respondent, v. H. K. CARTER, Defendant, and WILLIAM G. COHEN, Intervener, Appellants.

SALE OF RAISIN-TRAYS—CONTRACT FOR RETURN UPON NON-PAYMENT—CLAIM AND DELIVERY.—Under a contract for the sale of raisin-trays at a fixed price, to be paid in specified installments, by the terms of which it was agreed that upon failure to make any payment as specified, all prior payments were to be forfeited, and the trays were to be returned, the vendor or his assignee is entitled, upon breach of the contract of payment by the purchaser, to maintain an action of claim and delivery for the possession of the trays.

ID.—ENFORCEMENT OF TERMS OF CONTRACT—RESCISSION NOT INVOLVED—OFFER TO RETURN MONEY NOT REQUIRED.—The plaintiff by bringing the action of claim and delivery, did not repudiate or attempt to rescind the contract, but was standing upon it, and enforcing its terms, and an offer to return the money paid under the contract was not required as a condition of maintaining the action.

ID.—VALIDITY OF STIPULATION FOR FORFEITURE—IMMATERIAL QUESTIONS.—The question as to the validity of the stipulation for the forfeiture of the payments made under the contract for the sale and possession of the trays, and whether the payments, less the value of the use of the trays, can be recovered, or whether by full payment possession can be reclaimed, are immaterial, as respects the provision of the contract giving the right of possession to the vendor in case of default in payment.

APPEAL from a judgment of the Superior Court of Yolo County. E. E. Gaddis, Judge.

The facts are stated in the opinion of the court.

Alfred H. Cohen, for Appellants.

R. Clark, for Respondent.

VAN DYKE, J.—The action is for claim and delivery of certain raisin-trays. The action was brought by the plaintiff, as assignee of Henry Hamel, against the defendant Carter. Before the trial William G. Cohen intervened, claiming to be the owner and entitled to the possession of the property in question, which claim was denied on the part of the plaintiff by answer to such complaint in intervention. The court found in favor of plaintiff, and entered judgment accordingly.

The appeal is taken from the judgment upon a bill of exceptions. The appeal, however, having been taken more than sixty days after the rendition of the judgment, objection or exception to the findings and decision on the ground that the same is not supported by the evidence cannot be considered. (Code Civ. Proc., 939, subd. 1.)

The principal point urged by the appellants on appeal is, that a motion for nonsuit, on behalf of the defendant and intervener, at the close of the plaintiff's evidence on the trial, should have been granted. The raisin-trays in question— the property in controversy—were delivered to the defendant Carter on and in pursuance of the following agreement:—

"This agreement entered into this twenty-fourth day of August, 1897, between A. C. Hillman, agent, residing in Solano County, state of California, party of the first part, and H. K. Carter, of Yolo County, state of California, the party of the second part.

"The said party of the first part hereby agrees to deliver unto the party of the second part, twenty thousand raisin-trays (of B. B. style) more or less. In return the party of the second part hereby agrees to pay into the hands of H. Hamel, of Solano County, state of California, the sum of .04c per tray for every tray delivered into his possession, payment to be made as follows: One hundred dollars ($100) upon the

signing of this agreement, one hundred dollars ($100) on October 1st, 1897, three hundred dollars ($300) on December 1st, 1897, and balance of amount due, making payment in full, on January 1st, 1898.

"In case the party of the second part fails to make any of the above-mentioned payments at the time specified in this instrument, he hereby agrees to forfeit all former payments made by him and also agrees to return said trays to a place within one mile of Davisville, county of Yolo, state of California, said place to be designated by the party of the first part, and pile them in good order. He also agrees to make such return and pile said trays within ten days after failure to pay installment making this return necessary.

"In witness whereof we have hereunto set our hands and seals this twenty-fourth day of August A. D. 1897.

"A. C. HILLMAN, Agt.    (Seal.)<br>
"H. K. CARTER,           (Seal.)

"Received on within contract 21,806 trays, value of which is $872.24.                    "H. K. CARTER."

The trays in question were the property of H. Hamel, and Arthur C. Hillman acted as the agent of Hamel in the transaction in entering into the agreement and delivering the possession thereof to defendant Carter. Subsequent to the transaction in question the following indorsement was made on the agreement: "I, the undersigned, am the principal in the within contract and I for a valuable consideration assign the same to Chas. Dodge. H. HAMEL."

It was admitted on the trial that four hundred dollars had been paid, and no more, and that a demand had been made for the return of the trays. It was in evidence that prior thereto demand had been made for the balance of the amount specified in the agreement, but no further sum was ever paid. It was in evidence also that defendant Carter was acting, not only for himself, but on behalf and in the interest of intervener Cohen at the time of obtaining the trays under the agreement in question, and that the latter furnished part of the money that was paid upon the contract. Carter testified: "I knew what I was going to do at the time. We wanted them to use. We were in a hurry to get them. The

season was getting advanced. We commenced packing about the 1st of September and we wanted the trays." And he subsequently, and before the action was commenced, made a formal assignment or sale of the trays to the intervener. The contention on the part of appellants is that the action of claim and delivery could not be maintained until an offer had been made to return the money paid under the contract. But this is not an action to rescind. The plaintiff does not repudiate the contract or seek to rescind it, but stands upon it, and relies upon the expressed condition therein for a return of the property upon failure to make the payments as stipulated. The defendant Carter received possession of the property in question, and, together with the intervener, kept and used them for over two years, and having failed to make the balance of the payment as stipulated, or at all, plaintiff, as assignee of Hamel, the other party to the contract, became entitled to the possession, and claim and delivery was the proper action. *Bank of Woodland* v. *Duncan,* 117 Cal. 412, was an action in replevin for four hundred and fifty sacks of wheat, part of the crop mortgaged to the plaintiff, and the court say: "It was not essential to the maintenance of the action that plaintiff should be the absolute owner of the wheat; by the terms of the mortgage it was entitled to the immediate possession thereof, and this was sufficient." (Citing several cases.) It was not a sale and delivery, as claimed by the appellant, but a delivery of possession only, to be terminated by the terms agreed upon as a condition of receiving the property. Even if the condition of forfeiture of the sums paid be void, that would not affect the other terms and conditions of the contract. Whether the defendants, or either of them, could recover the payments already made, or any portion thereof, over the necessary value of the use of the trays while in their possession, or whether by making full payment they could retake the possession and treat the transaction as a completed sale, are questions not arising here, and not necessary to be determined. The motion for a nonsuit was properly denied.

The findings are amply sufficient to support the judgment. Judgment affirmed.

Shaw, J., and Angellotti, J., concurred.